1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

8  DELL MARVIN ROBERTS,

9       *Petitioner*,                                3:09-cv-00685-ECR-VPC

10

11 vs.                                               ORDER

12 JIM BENEDETTI, *et al.*,

13      *Respondents*.

14

15      This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review

16 under Rule 4 of the Rules Governing Proceedings under Section 2254.  On initial review, a

17 substantial question exists as to whether the petition is subject to dismissal because none of

18 the claims in the petition were fairly presented to the state courts and exhausted.  Petitioner

19 therefore will be directed to show cause in writing why the petition should not be dismissed.

20                                   ***Background***

21      Petitioner Dell Marvin Roberts seeks to set aside his 2003 Nevada state conviction,

22 pursuant to a jury verdict, of burglary and misdemeanor petit larceny.  Roberts challenged the

23 conviction on direct appeal as well as on state post-conviction review.  He was represented

24 on the direct appeal, and he was appointed counsel in the state post-conviction proceedings.

25                             ***Governing Exhaustion Law***

26      Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court

27 remedies on a claim before presenting that claim to the federal courts.  To satisfy this

28 exhaustion requirement, the claim must have been fairly presented to the state courts

1 completely through to the highest court available, in this case the Supreme Court of Nevada.

2 *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329

3 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific

4 federal constitutional guarantee and must also state the facts that entitle the petitioner to relief

5 on the federal constitutional claim.  *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir.

6 2000).  That is, fair presentation requires that the petitioner present the state courts with both

7 the operative facts and the federal legal theory upon which his claim is based.  *E.g., Castillo

8 v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement insures that the

9 state courts, as a matter of federal-state comity, will have the first opportunity to pass upon

10 and correct alleged violations of federal constitutional guarantees.  *See,e.g., Coleman v.

11 Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).  A petition

12 that is completely unexhausted is subject to immediate dismissal.  *See,e.g., Rasberry v.

13 Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th

14 Cir.2001).

15                                                    ***Discussion***

16        At the outset, most of the allegations in the petition present only vague and conclusory

17 assertions that fail to state a claim for relief.  Under Rule 2(c) of the Rules Governing Section

18 2254 Cases, a petitioner must plead his clams with specificity and must state the facts

19 supporting each ground.  *E.g., Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582

20 (2005).  The assertion of bare and conclusory formulaic allegations with case citations but no

21 supporting facts fails to state a claim for federal habeas relief.  For example, the bare

22 assertions in Count I that "Petitioner's conviction resulted from an error of constitutional

23 dimension which was not shown to be harmless beyond a reasonable doubt" and that

24 "petitioner's conviction resulted from state errors, which taken together denied petitioners [sic]

25 a fair trial" are wholly devoid of any supporting facts and fail to state a claim for relief.

26        In any event, even if the Court were to assume, *arguendo*, that the petition otherwise

27 states a claim for relief in whole or in part, it is apparent that none of the claims in the petition

28 were exhausted.

-2-

1    The sole claim raised on direct appeal was what appears on initial review to be an

2  exclusively state law claim that the trial court erred in admitting certain other bad acts

3  evidence.[1]

4    None of the claims in the federal petition present a corresponding claim, whether under

5  state or federal law.

6    The only three claims pursued through to the Supreme Court of Nevada on the state

7  post-conviction appeal through appointed post-conviction counsel were claims: (1) that the

8  trial court denied petitioner due process and equal protection of the laws when it allegedly

9  failed to afford him a fair and adequate hearing on his request for new counsel; (2) that he

10  was denied constitutional rights to due process, equal protection of the laws and a reliable

11  sentence due to prosecutorial misconduct when the State engaged in allegedly improper

12  attempts to bolster the credibility of its witnesses and to impair the credibility of petitioner's

13  testimony; and (3) that he was denied effective assistance of counsel because trial counsel

14  failed to adequately prepare him for his testimony at trial.[2]

15    The federal petition does not include a claim based upon both the same legal theory

16  and the same operative facts as any of these three claims.

17    Petitioner therefore must show cause why the petition should not be dismissed without

18  prejudice for lack of exhaustion as to all claims presented.

19    IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order,

20  petitioner shall SHOW CAUSE in writing why the petition should not be dismissed without

21  prejudice for lack of exhaustion.

22    IT FURTHER IS ORDERED that, for each claim presented, if petitioner maintains that

23  the claim is exhausted, petitioner shall identify by page and line number in the state court

24  papers where the claim was fairly presented to the state courts through to the Supreme Court

25  of Nevada.  If the papers that petitioner relies upon to establish exhaustion have not been

26

27    [1]See #13, Exhs. C & E.

28    [2]See #13, Exhs. U & X.

1 | filed in the federal record previously, petitioner shall attach copies of such papers with his

2 | show cause response.

3 |      If petitioner does not timely respond to this order, the entire petition will be dismissed

4 | without further advance notice.  If petitioner responds to this order but fails to demonstrate,

5 | with specific reference to supporting state court filings, that the exhaustion requirement has

6 | been satisfied, the petition will be dismissed without prejudice for lack of exhaustion.

7 |      The Clerk shall send petitioner a copy of his petition and accompanying papers (*i.e.,*

8 | #8) with this order.[3]

9 |      DATED:   January 31, 2011

10

11

12 |      EDWARD C. REED
United States District Judge

13

14

15

16

17

18

19

20

21

22

---

23 |    [3]Nothing in this order signifies that the petition otherwise is free of deficiencies. *Inter alia*, as noted, many of the allegations in the petition wholly fail to state a claim for relief.  The Court further has assumed,

24 | *arguendo*, that it has jurisdiction over the petition based upon the fact that petitioner still had a consecutive sentence on the misdemeanor conviction under the same judgment of conviction to be served in the county

25 | jail following his release from state prison custody on another judgment of conviction. See #13, Ex. Z. It thus would appear that petitioner still was in custody for jurisdictional purposes under the challenged judgment of

26 | conviction when the federal petition was filed.  Even if the Court entertained significant doubts as to its jurisdiction, which it does not, a federal court nonetheless has discretion to address other potential non-merits

27 | bases for dismissal before addressing subject matter jurisdiction. *See,e.g., Sinochem International Co., Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 430-31, 127 S.Ct. 1184, 1191-92, 167 L.Ed.2d 15

28 | (2007).